## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

TOMMY WIMBUSH,                                                                    PLAINTIFF
ADC #116902

v.                                          2:10-cv-00146-JJV

RODNEY FORD and
CLEASTER DEAN                                                                     DEFENDANTS

### MEMORANDUM AND ORDER

Plaintiff is an inmate at the Arkansas Department of Correction ("ADC") East Arkansas

Regional Unit ("EARU"). He filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging the

Defendants were deliberately indifferent to his serious medical needs. (Doc. No. 2.) Pursuant to

Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE, Defendants filed a Motion for Summary

Judgment (Doc. No. 46). They assert that Plaintiff fails to allege sufficient facts to support a

deliberate indifference to serious medical needs claim and they are, therefore, entitled to summary

judgment as a matter of law. (*Id.*) In the alternative, Defendants assert that they are entitled to both

sovereign and qualified immunity. (*Id.*)

Defendants filed a Brief in support of their Motion and a Statement of Undisputed Facts.

(Doc. Nos. 48, 49.) Plaintiff filed a Response. (Doc. No. 51.) After viewing the evidence in a light

most favorable to the Plaintiff, the Court finds that Defendants are entitled to summary judgment

as a matter of law and the Complaint (Doc. No. 2) should be dismissed with prejudice.

## I.     UNDISPUTED FACTS

Defendants work as guards at EARU. On April 19, 2010, they were assigned to monitor the

dining room. (Doc. No. 48-1.) Plaintiff approached Sgt. Dean and said that due to a stomach ache,

he was unable to eat and also unable to use the bathroom. (Doc. No. 47.) Plaintiff had been seen

the previous day in the infirmary for stomach pain and was given a special diet of clear liquids. (Doc. No. 48-4.)  No follow up treatment was ordered.  (*Id.*)  He asked Sgt. Dean if he could return to the infirmary, and Dean instructed him to ask his supervising officer, Lt. Ford.[1]  (Doc. No. 47.) Lt. Ford denied the request.  (*Id.*)  Plaintiff had not completed the necessary written request to be seen at the infirmary, nor did he appear to have a medical emergency.  (Doc. No. 48-1.)  So he instructed Plaintiff to fill out a sick call request which would allow him to be escorted to the infirmary.  (*Id.*)

After completing his duties in the dining room, Lt. Ford took steps to see that Plaintiff was examined by the nurse.  (Doc. Nos. 47.)   Plaintiff was diagnosed with acute appendicitis and transported to an area hospital. (Doc. Nos. 47.)  A CAT scan showed that his appendix had ruptured (Doc. No. 51); he had surgery and was hospitalized for thirty-six days (Dos. No. 47).

## II.    STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure, provides that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56(c); *see Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 884 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Although the evidence is viewed in a light most favorable to the nonmoving party, *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005), the non-moving party may not rest on mere allegations or denials, to defeat a motion for summary judgment, the non-moving party must produce probative evidence sufficient to demonstrate a genuine issue of material fact for trial.

---

[1]The Court notes that Plaintiff states he spoke to Sgt. Dean on April 19, 2010, and a day later made his request to Lt. Ford.  (Doc. No 51.)

*Paine v. Jefferson Nat'l Life Ins.*, 594 F.3d 989, 992 (8th Cir. 2010); *Mosley*, 415 F.3d at 910.  A genuine issue of fact exists if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material when it might affect the outcome of the case.  *Paine*, 594 F.3d at 992;  *Rakes v. Life Investors Ins. Co. of Am.*, 582 F.3d 886, 894 (8th Cir. 2009).

## III.    DISCUSSION

### A.      Deliberate Indifference

A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment.  *Langford v. Norris*, 614 F.3d 445, 459 (8th Cir. 2010); *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006).   An Eighth Amendment claim that prison officials were deliberately indifferent to an inmate's medical needs involves both an objective and subjective component.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).   When making such a claim, the inmate must show that (1) he suffered from an objectively serious medical need, and (2) the prison official actually knew of the need yet deliberately disregarded the need.   *Schaub v. Vonwald*, 638 F.3d 905, 914 (8th Cir. 2011); *Roe v. Crawford*, 514 F.3d 789, 798 (8th Cir. 2008); *Dulany*, 132 F.3d at 1239.

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a layperson would easily recognized the necessity for a doctor's attention."  *Schaub*, 638 F.3d at 914 (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)).  The objective component of a deliberate indifference to medical needs claim will usually require a showing of verifying medical evidence that the defendant ignored an acute or escalating situation or that delays adversely affected the prognosis given the type of injury involved.  *Dulany*, 132 F.3d at 1243.  Verifying medical evidence, however, is unnecessary when the medical need would be obvious to a layperson.  *Schaub*, 638 F.3d at 914.

Plaintiff argues that Ford's requiring him to make a written medical request, rather than allowing him to report directly to sick call when he complained, resulted in a ruptured appendix and thirty-six days in the hospital.    But Defendants counter that they did not observe Plaintiff's condition to be acute, so they were simply following ADC protocol.

ADC Administrative Directive 93-8 pertains to the procurement of medical treatment for inmates.  (Doc. No. 48-3.)  It defines a medical emergency as being "an acute medical problem that threatens life or limb."   (*Id.*)   The following conditions are listed as examples of a medical emergency: severe bleeding, loss of consciousness or a seizure.  (*Id.*)  When confronted with a medical emergency, ADC staff "should immediately and directly contact the infirmary." (*Id.*)

An urgent medical need is defined as "the worsening of an ongoing health situation, or an injury that is not immediately life threatening but may have the potential for becoming so; a health situation causing considerable discomfort without threat to life or limb."  (Doc. No. 48-3.)  When confronted with a medical need, ADC staff must first assess the problem by inquiring into the exact nature and duration of the inmate's symptoms.  (*Id.*)  After assessing the inmate's symptoms, the staffer is directed to contact the shift supervisor and the shift supervisor will consult with the infirmary staff.  (*Id.*)  The infirmary staff will determine what type of response is necessary.  (*Id.*)  If, however, the shift supervisor feels the infirmary staff response is inadequate, the shift supervisor can take the inmate to the infirmary for triage.  (*Id.*)

The evidence shows that Plaintiff had issues with his appendix since at least April 18, 2010. His condition was initially misdiagnosed and he was treated with only a special diet.  The next day, Plaintiff was still experiencing pain so he requested to return to the infirmary.  Plaintiff states his condition was dire but Defendants state they did not observe this to be the case.  Regardless, in a matter of hours, Lt. Ford saw that Plaintiff was seen by medical staff.

It is reasonable for Plaintiff to be upset that his request to report to the infirmary was denied. It is also reasonable for Defendants to require that policies be followed.

In analyzing this claim of deliberate indifference, the Court has carefully weighed the fact that Plaintiff's illness resulted in hospitalization for more than a month.  This favors Plaintiff's case because when an inmate alleges that a delay in medical treatment constitutes a constitutional deprivation, the objective seriousness of the deprivation should also be measured by reference to the effect of the delay in treatment.  *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997); *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997).  But while the Court finds this point favorable to Plaintiff, the Court must also carefully consider Defendants' conduct and finds that their conduct simply fails to amount to deliberate indifference.

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal citation omitted). Deliberate indifference to a prisoner's health and safety violates the Eighth Amendment's proscription on cruel and unusual punishment.  *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 532 (8th Cir. 2009).  Stating a claim of deliberate indifference requires more than a showing of simple or even gross negligence.  *Williams v. Jackson*, 600 F.3d 1007, 1014 (8th Cir. 2010).  Deliberate indifference is akin to criminal recklessness, and demands more than a showing of negligent misconduct.  *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008).

While the Court is sympathetic to the difficulties Plaintiff experienced, the conduct he complains of is, at best, negligence and does not give rise to the level of deliberate indifference necessary to sustain a claim under § 1983.  Therefore, Defendants are entitled to judgment as a matter of law on this point.

**B.**     **Sovereign Immunity**

In the alternative, Defendants assert they are entitled to sovereign immunity as to Plaintiff's official capacity claims.  Defendants point out that Plaintiff's Complaint is silent as to whether they are being sued in their personal capacities, official capacities or both.  (*See* Doc. No. 2.)  They assert that Plaintiff's claims should, therefore, be construed as being against them only in their official capacities and, as such, the doctrine of sovereign immunity makes them immune from claims for monetary damages.

When a complaint is silent as to the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims.  *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007); *Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999).  Furthermore, when a complaint fails to specifically name a defendant in his or her individual capacity, it is presumed that the defendant is sued only in his or her official capacity.  *Baker*, 501 F.3d at 923.  In his Response to the Motion for Summary Judgment, Plaintiff states he is suing Defendants in their official and individual capacities.  (Doc. No. 51 at 2.)  A response is not the proper means for curing any defects in the Complaint.  The proper means is to file a motion to amend/correct pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  At this juncture, the Court reminds Plaintiff that his *pro se* status does not excuse him from following the federal procedural rules

Rule 15 (a) provides that leave to amend should be freely given where justice so requires.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008); *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005).  Parties do not, however, have an absolute right to amend.  *Sherman*, 532 F.3d at 715; *Doe*, 403 F.3d at 990.  A finding of undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies

6

by amendments previously allowed, undue prejudice to the non-moving party or futility of the amendment may serve as grounds for denying a motion to amend.  *Foman*, 371 U.S. at 182; *Sherman*, 532 F.3d at 715; *Doe*, 403 F.3d at 990. At this stage of the proceedings, allowing Plaintiff's response to serve as a means of amending his complaint to include claims against the Defendants in their personal capacities would unduly prejudice the Defendants.  The Court, therefore, finds that Plaintiff is suing the Defendants only in their official capacities.

Because Plaintiff only seeks monetary damages from Defendants in their official capacities, the Court finds these claims should be dismissed as barred by sovereign immunity.  The doctrine of sovereign immunity bars the recover of monetary damages from state actors acting in their official capacity.  *See Fegans v. Norris*, 537 F.3d 897, 908 (8th Cir. 2008) (state employees acting in their official capacity are immune from civil suits for damages); *Hagemeier v. Block*, 806 F.2d 197, 203 (8th Cir. 1986) (sovereign immunity bars claims against official in their official capacities).

### C.     Qualified Immunity

Qualified immunity protects officials who acted in an objectively reasonable manner.  It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

Given the Defendants' Statement of Indisputable Material Facts, the Court finds that

Defendants' actions were reasonable under the circumstances.  The medical staff did not realize a day earlier that Plaintiff was suffering from appendicitis, so it was reasonable that Defendants also would not have observed Plaintiff in an acute medical condition.  And ultimately, Lt. Ford ensured that Plaintiff was taken to the infirmary, albeit a few hours after Plaintiff made his request.   No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right. Accordingly, Defendants are entitled to qualified immunity.

## IV.      CONCLUSION

1.      Defendants' Motion for Summary Judgment (Doc. No. 46) is GRANTED.

2.      Plaintiff's Complaint (Doc. No. 2) is DISMISSED with prejudice.

3.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 3rd day of November, 2011.

JOE L. VOLPE
UNITED STATES MAGISTRATE JUDGE